IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. ELIAS QUINTANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-CV-389-RAW-DES |
| | ) |
| CLINTON W. MARRS, LTD; | ) |
| RALPH FEVIG; | ) |
| STEPHEN P. CURTIS; | ) |
| CITY OF MUSKOGEE; | ) |
| CITY OF FORT GIBSON; and | ) |
| COUNTY OF MUSKOGEE | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Dr. Elias Quintana's ("Plaintiff") Motion to Reconsider and Allow Plaintiff to Amend Complaint and to Request Additional Time to File Amended Complaint. (Docket No. 55). On December 28, 2023, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 30). For the reasons set forth below, Plaintiff's Motion to Reconsider and Allow Plaintiff to Amend Complaint is DENIED.

On November 14, 2023, Plaintiff, acting pro se, filed his complaint alleging Defamation, Defamation per se, Bribery, Malpractice, and Violation of 1983 Civil Rights. In his complaint, Plaintiff alleges Defendant Clinton W. Marrs ("Marrs"), and Defendant Ralph Fevig ("Fevig") defamed Plaintiff by accusing him of being convicted of a felony during discovery in a probate case all were involved in out of New Mexico. (Docket No. 2 at 3). Plaintiff alleges that Defendants Marrs and Fevig filed a Motion to Compel Discovery from Plaintiff that indicated he had been

convicted of a felony based on looking at a Muskogee County Court docket sheet. *Id*. Plaintiff claims this information is false and alleges that when he asked Defendant Marrs to withdraw the Motion to Compel and Defendant Marrs "threatened to bribe Plaintiff by attempting to influence Plaintiff to not file a defamation lawsuit otherwise he, Marrs, would file an Order to Show Cause." *Id*. at 4. Plaintiff further alleges that Defendant Stephen Curtis ("Curtis") failed in his duty as legal counsel for Plaintiff to "provide documents as requested for discovery and to issue discovery to the Personal Representative in Plaintiff's Uncle's probate matter." *Id*. Finally, Plaintiff alleges that the County of Muskogee ("Muskogee County") caused "disseminated claims that Plaintiff had a criminal felony conviction without clarifying the record" and disseminated information to the City of Muskogee Police and City of Fort Gibson Police that Plaintiff was a convicted felon and "did not pay a fine for said conviction" which led to a warrant for Plaintiff's arrest. *Id*. at 10-12. Plaintiff specifically alleges that on or about September 23, 2022, he was "unlawfully arrested and incarcerated by the City of Fort Gibson police who were advised by the City of Muskogee Police and or the County Sheriff that the basis for the arrest was a felony warrant." *Id*. at 12.

Between December 7, 2023, and December 20, 2023, all Defendants filed separate Motions to Dismiss Plaintiff's Complaint. (Docket Nos. 16, 17, 20 and 22). On December 15, 2023, District Judge Ronald A. White entered an Order inviting Plaintiff to file an amended complaint by January 5, 2024, providing additional legal or factual averments which may vitiate the Defendants' claims of insufficiency. (Docket No. 24). Plaintiff did not file an Amended Complaint by Judge White's January 5, 2024 deadline. On January 30, 2024, Plaintiff filed a Motion to Amend Complaint and subsequent Amended Motion to Amend Complaint asking permission to add claims against Defendants the City of Muskogee, the City of Fort Gibson and the County of Muskogee with counts against the remaining Defendants to remain the same. (Docket Nos. 38 and 39). On January

31, 2024, the undersigned Magistrate Judge denied Plaintiff's Motion to Amend because he failed to file an Amended Complaint upon Judge White's invitation to do so on or before January 5, 2024, and because Plaintiff did not show good cause for such failure. (Docket No. 42).

On February 9, 2024, Plaintiff filed the present Motion asking the Court to reconsider its ruling on his Motion to Amend, alleging that he never received a mailed copy of Judge White's Order entered on December 15, 2023. (Docket No. 55 at 1). Plaintiff argues in his Motion to Reconsider that this Court "must agree that Plaintiff cannot respond to pleadings or Orders he has not received." *Id.* at 2. However, the Court does not agree with Plaintiff. The Tenth Circuit has addressed a *pro se* litigant's responsibility when it comes to monitoring his case and docket and found that "'[a]s a party representing himself, it [is Plaintiff's] responsibility to keep himself apprised of the status of his case.'" *Hooks v. A & M Properties*, No. 21-1336, 2022 WL 536371, at *2 (10th Cir. 2022) quoting *Nitka v. Nelnet, Inc.,* 809 F. App'x 491, 495 (10th Cir. 2020) (unpublished). Had Plaintiff been monitoring the docket as he was required to do, he would have timely discovered Judge White's order.

Plaintiff further argues that there is "significant reason" the Court should grant Plaintiff leave to amend his complaint. (Docket No. 55 at 3). Specifically, the "systematic and continuous harm caused by the government entities." *Id.* From what the undersigned Magistrate Judge can decipher from Plaintiff's Motion to Amend Complaint, the allegations Plaintiff requests to include are to challenge the felony and misdemeanor charges brought against him in Muskogee County.[1] Plaintiff seems to be arguing that the jury verdict against him was "facially obvious [sic] void" and therefore all repercussions stemming from that judgment, i.e. the subsequent arrest of him for his failure to pay a fine related to this conviction, were in violation of his Civil and Constitutional

---

[1] Plaintiff was convicted by a jury on the misdemeanor charge of assault and battery.

3

Rights. (See Docket No. 39-1). Considering Plaintiff's proposed amendments to his complaint, the Court is convinced permitting him to amend would be an exercise in futility because such claims would clearly be barred by both *Res Judicata* and the *Rooker-Feldman* doctrine. In essence, Plaintiff is asking this Court to consider claims that have previously been adjudicated on the merits and therefore cannot be relitigated. *See Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008) ("Pursuant to the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (quotation omitted)). Furthermore, the *Rooker-Feldman* doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claims that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994); *see also Dickerson v. Bates,* 104 F. App'x 699, 701 (10th Cir. 2004) (unpublished) ("Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to hear claims that are either (1) actually decided by a state court, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923), or (2) 'inextricably intertwined' with a prior state court judgment, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 n. 16, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).").

In the present case, Plaintiff seeks to amend his complaint and add claims against the City of Muskogee, the City of Fort Gibson, and the County of Muskogee to challenge the misdemeanor and felony charges that were brought against him in Muskogee County, tried by a jury, and had a final judgment entered. Although Plaintiff was found not guilty on two of his three charges, he was found guilty of a misdemeanor charge of assault and battery, which he now claims should be a void judgment. This Court had nothing to do with the underlying charges or trial and does not now have jurisdiction to re-litigate the charges.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider and Allow Plaintiff to Amend Complaint and to Request Additional Time to file Amended Complaint (Docket No. 55) is hereby DENIED.

IT IS SO ORDERED this 28th day of February, 2024.

_____
D. Edward Snow
United States Magistrate Judge