**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DR. ELIAS QUINTANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-CV-389-RAW-DES |
| | ) |
| CLINTON W. MARRS, LTD; | ) |
| RALPH FEVIG; | ) |
| STEPHEN P. CURTIS; | ) |
| CITY OF MUSKOGEE; | ) |
| CITY OF FORT GIBSON; and | ) |
| COUNTY OF MUSKOGEE, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendants Muskogee County, Clinton W. Marrs, LTD, City of Fort Gibson, City of Muskogee, Ralph Fevig and Stephen P. Curtis's (collectively "Defendants") Motions to Dismiss Plaintiff's Complaint, for lack of jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1). (Docket Nos. 16, 17, 20, 22, 25, 28). On December 28, 2023, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 30). For the reasons set forth below, Defendants' Motions to Dismiss should be GRANTED.

   **I.    Background**

On November 14, 2023, Plaintiff, acting pro se, filed his complaint in this Court alleging Defamation, Defamation per se, Bribery, Malpractice, and Violation of 1983 Civil Rights. (Docket No. 2). In his complaint, Plaintiff alleges Defendant Clinton W. Marrs ("Marrs"), and Defendant Ralph Fevig ("Fevig") defamed Plaintiff by accusing him of being convicted of a felony during

1

discovery in a probate matter in New Mexico. (Docket No. 2 at 3). Plaintiff alleges that Defendants Marrs and Fevig filed a Motion to Compel Discovery from Plaintiff that indicated he had been convicted of a felony based on looking at a Muskogee County Court docket sheet. *Id.* Plaintiff claims this information is false and alleges that when he asked Defendant Marrs to withdraw the Motion to Compel, Defendant Marrs "threatened to bribe Plaintiff by attempting to influence Plaintiff to not file a defamation lawsuit otherwise he, Marrs, would file an Order to Show Cause." *Id.* at 4. Plaintiff further alleges that Defendant Stephen Curtis ("Curtis") failed in his duty as legal counsel for Plaintiff to "provide documents as requested for discovery and to issue discovery to the Personal Representative in Plaintiff's Uncle's probate matter." *Id.* Finally, Plaintiff alleges that the County of Muskogee caused "disseminated claims that Plaintiff had a criminal felony conviction without clarifying the record" and disseminated information to the City of Muskogee Police and City of Fort Gibson Police that Plaintiff was a convicted felon and "did not pay a fine for said conviction" which led to a warrant for Plaintiff's arrest. *Id.* at 10-12. Plaintiff alleges that on or about September 23, 2022, he was "unlawfully arrested and incarcerated by the City of Fort Gibson police who were advised by the City of Muskogee Police and or the County Sheriff that the basis for the arrest was a felony warrant." *Id.* at 12.

All Defendants filed Motions to Dismiss Plaintiff's Complaints arguing lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.

## II.    Defendants Marrs and Fevig's Motions to Dismiss

Defendants Marrs and Fevig argue in their separate but substantively identical Briefs in Support of their Motions to Dismiss that this Court lacks personal jurisdiction over Mr. Marrs and Mr. Fevig because they lack the requisite contacts with the State of Oklahoma necessary to establish personal jurisdiction. (Docket Nos. 18 and 26). Furthermore, the Court lacks subject

matter jurisdiction as there is not complete diversity amongst the parties, and Plaintiff fails to state a claim upon which relief can be granted. *Id.* For the reasons set forth below, the undersigned Magistrate Judge agrees.

### a.     Personal Jurisdiction

To establish personal jurisdiction over a Defendant, Plaintiff must show that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. *Fireman's Fund Ins. Co. v. Thyssen Mining Constr. of Canada, Ltd.*, 703 F.3d 488, 492 (10th Cir. 2012) (citing *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)). Defendants must have "minimum contacts" with the forum state, such that having to defend a lawsuit there would "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted). The "minimum contacts" test for specific jurisdiction contains two distinct requirements. First, an "'out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Furthermore, "exercising personal jurisdiction over defendants must always be consonant with traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co.*, 326 U.S. at 316).

In his Complaint, Plaintiff does not allege Defendants Marrs or Fevig had any contact with the forum state, only that their interactions with Plaintiff arose from a discovery dispute within the State of New Mexico. (*See* Docket No. 2 at 3). Plaintiff argues that because he, an Oklahoma resident, was the "target of the defamatory statements" made in New Mexico, there is personal jurisdiction. *Id.* at 1-2. However, that is not the test for personal jurisdiction. A suit with personal

jurisdiction must arise out of or relate to the defendant's contact with the forum state, not with the resident. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). Plaintiff tries to argue in his Response to Defendants' Motions to Dismiss that both Fevig and Marrs engaged in "a substantial amount of activity utilizing the Oklahoma Court System, Oklahoma internet, Oklahoma postal mail system and Oklahoma Phone System" to satisfy the minimum contacts requirement. (Docket Nos. 40 & 41 at 3). He argues that Defendants made "direct contact with the state of Oklahoma" and identifies his "Exhibit 1" as proof of this. *Id.* at 8. Exhibit 1 to Plaintiff's Response is a *Motion to Compel Discovery from Elias Quintana* in the New Mexico Probate Case that Plaintiff claims the defamation derives from. The substance of the Motion focuses on Fevig and Marrs' argument that Plaintiff's discovery responses were non-responsive or evasive. *Id.* at Exhibit 1.

The only mention of the State of Oklahoma in Plaintiff's Exhibit 1 is on pages 4 and 5 where Marrs and Fevig demonstrate their need for answers to their interrogatories which ask Plaintiff for further identification so that they can determine if he is the same person who was a defendant in criminal felony cases in Oklahoma as indicted by a docket sheet found in Muskogee County. *Id.* This portion of the Motion is the basis of Plaintiff's defamation claims; however, as a basis for personal jurisdiction Plaintiff's argument is flawed. Plaintiff argues that Defendants Fevig and Marrs pursued "a case against Plaintiff on [sic] a systematic and continuous manner of conduct involving continuous notices, motions to compel and motions for an order to show cause" as proof that they, as non-residents, nevertheless "established a substantial and continuing relationship" with the forum state. (Docket Nos. 40 & 41 at 3-4). In reality, Defendants Fevig and Marrs' contact with Plaintiff resulted from the fact that Plaintiff's attorney, who had been representing him in the New Mexico probate case, withdrew his representation which left Plaintiff representing himself

pro-se. (See Docket No. 40 at Exhibit 4A). Defendant Marrs was **<u>obligated</u>** to send Plaintiff documents and correspondence as it related to the Probate matter they were litigating. This is simply not enough to establish personal jurisdiction as there is no evidence that Defendants Marr and Fevig purposefully availed themselves of the privilege of conducting activities with the forum state, rather they were obligated by law to provide Plaintiff with the pleadings filed in the New Mexico case as he no longer had representation.

Finally, Plaintiff's arguments contained in his Responses to Marrs' and Fevig's Motions to Dismiss are full of inconsistencies, contradictions, and generally poor analysis. While admittedly representing himself in this lawsuit, Plaintiff does not argue he is inexperienced when it comes to legal matters.[1] In fact, he identifies himself in his Complaint as having a juris doctorate (Docket No. 2 at 2) and boasts in his Responses that he "passed the California Bar which demonstrated a 33% pass rate in the summer of 1987 among lawyers from other states." (Docket Nos. 40 & 41 at 15). All of this to say that Plaintiff holds himself out as being a more sophisticated pro se litigant than courts typically see; however, his analysis and reasoning as to how there this personal jurisdiction in this matter is nonsensical. He cites multiple cases in which courts have said "jurisdiction over a non-resident defendant cannot be inferred" (Docket Nos. 40 & 41 at 8), but then argues that Defendants Marrs and Fevig's systematic contacts with Oklahoma can be inferred through their Declarations attached as exhibits to their Motions to Dismiss. *Id.* at 14. Setting aside Plaintiff's complete contradiction, how systematic or even minimum contacts can be inferred from a declaration that states Defendants are not now nor have they ever been residents of Oklahoma, conducted business in Oklahoma, owned property in Oklahoma, maintained any financial accounts

---

[1] It should be noted that Plaintiff, Elias Quintana, has filed multiple complaints in the Eastern District of Oklahoma: 98-CV-301-JHP; 10-CV-420-JHP; 12-CV-198-JHP; 15-CV-63-FHS; 17-CV-367-RAW; 19-CV-66-JWB, and over 40 cases with the District Courts in the State of Oklahoma.

or paid taxes in the State of Oklahoma, is beyond understanding. (See Docket No. 17-1 Declaration of Clinton W. Marrs and Docket No. 25-1 Declaration of Ralph Fevig). Plaintiff has simply failed to show that this Court has personal jurisdiction over Defendant Marrs or Defendant Fevig. His argument that utilizing the "Oklahoma Court System, Oklahoma internet, Oklahoma postal mail system and Oklahoma Phone System" equates to minimum contacts is unpersuasive. As such, Defendant Marrs and Defendant Fevig's Motions Motion to Dismiss for lack of Personal Jurisdiction should be GRANTED.

### b.        Subject Matter Jurisdiction

Plaintiff in his Complaint indicates that this Court has subject matter jurisdiction over this action under 23 U.S.C. §1332 (a)(1) because "the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000." As argued by Defendants Marr and Fevig, there is not complete diversity in this case since Plaintiff has sued the cities of Muskogee and Fort Gibson and the County of Muskogee, all of which are clearly citizens of Oklahoma. (Docket Nos. 18 & 26 at 8). Furthermore, the claims made against Defendants Marr and Fevig are not exclusively federal questions. *See* 28 U.S.C. §1331. Plaintiff presents no argument or authority that gives this Court jurisdiction to hear a defamation claim where there is no diversity jurisdiction and no personal jurisdiction over the Defendants. As such, Defendant Marrs and Defendant Fevig's Motions to Dismiss for lack of Subject Matter Jurisdiction should be GRANTED.

Without any personal or subject matter jurisdiction in this case, the United States District Court for the Eastern District of Oklahoma cannot go any further. Accordingly, the undersigned Magistrate Judge recommends Plaintiff's Complaint against Defendants Marrs and Fevig be dismissed for lack of personal or subject matter jurisdiction.

### III.    Defendant Stephen Curtis' Motion to Dismiss

The only claim Plaintiff alleges against Defendant Curtis is for Malpractice. (Docket No. 2 at 9). Plaintiff alleges Defendant Curtis breached his professional duty by failing to answer discovery requests despite having all the information necessary to do so. *Id.* In his Motion to Dismiss filed December 26, 2023, Defendant Curtis argues Plaintiff's claims should be dismissed for lack of personal jurisdiction and subject matter jurisdiction. (Docket No. 28). For the reasons set forth below and above, the undersigned Magistrate Judge agrees.

### a.    Personal Jurisdiction

As indicated above, to establish personal jurisdiction over a Defendant, Plaintiff must show that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. *Fireman's Fund Ins. Co. v. Thyssen Mining Constr. of Canada, Ltd.*, 703 F.3d 488, 492 (10th Cir. 2012) (citing *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)). Defendants must have "minimum contacts" with the forum state, such that having to defend a lawsuit there would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.,* 326 U.S. at 316.

Defendant Curtis argues that Plaintiff's Complaint lacks any allegations of contact by Defendant Curtis with the State of Oklahoma, only with the Plaintiff himself. (Docket No. 29 at 1). However, a suit with personal jurisdiction must arise out of or relate to the defendant's contact with the forum state, not with the resident. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). Plaintiff tries to argue in his Response to Defendant Curtis' Motions to Dismiss that Defendant Curtis agreed to represent the Plaintiff, an Oklahoma resident, and took a fee of $3500 which was drawn from an Oklahoma bank account. (Docket No. 33 at 2).  He also alleges, Defendant Curtis "availed himself of the Oklahoma, Baking System,

Oklahoma mail system, and Oklahoma E-data mail/retrieval system." *Id.* As discussed at length above, this argument is insufficient to establish personal jurisdiction.

Plaintiff attempts to argue that in *Vinita Broad. Co. v. Colby*, 302 F. Supp 902 (N.D. Okla. 1971) the Court found the minimum contacts and substantial connections requirement for personal jurisdiction satisfied through the signing of a contract for legal services. (Docket No. 33 at 4). However, the notable difference between the present case and *Colby* is that in *Colby,* the Defendant was contracted to perform legal services by way of representation in a hearing conducted by the Federal Communications Commission in the State of Oklahoma. *Colby*, 320 F. Supp. at 903. In that instance, the Court found:

> as Defendant contracted . . . to supply his legal services at a hearing to be conducted in Oklahoma, it is deemed for the present that 12 O.S. §1701.03(2) provides for long arm service in this type of situation and that the minimum contacts requirement of *International Shoe Company v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, and the requirement that the subject contract have substantial connections with Oklahoma as announced in *McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, appear to be satisfied.

*Id.* Such is not the situation in the case at bar. Here, Defendant Curtis was contracted to perform legal services in the State of New Mexico, where he resides and where the dispute regarding the representation originated. As noted above, the minimum contacts analysis must focus on the defendant's contact with the **forum state**, not just the person residing there. *Bristol-Myers,* 582 U.S. at 262. Furthermore, the Plaintiff's "injuries must 'arise out of' defendant's forum-related activities." *Dudnikov*, 514 F.3d at 1071 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. at 472). Here, we have neither situation.  As such Defendant Curtis' Motion to Dismiss for lack of Personal Jurisdiction should be GRANTED.

**b.**     **Subject Matter Jurisdiction**

Plaintiff in his Complaint indicates that this Court has subject matter jurisdiction over this action under 23 U.S.C. §1332 (a)(1) because "the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000." As analyzed above, there is not complete diversity in this case since Plaintiff has sued the cities of Muskogee and Fort Gibson and the County of Muskogee who are clearly citizens of Oklahoma. (Docket Nos. 18 & 26 at 8). Furthermore, the only claim made against Defendant Curtis is not a federal question. See 28 U.S.C. § 1331. Plaintiff presents no argument or authority that would give this court jurisdiction to hear a malpractice claim where there is no diversity jurisdiction and no personal jurisdiction over the Defendant. As such, Defendant Curtis' Motion to Dismiss for lack of Subject Matter Jurisdiction should be GRANTED.

Without any personal or subject matter jurisdiction in this case, the United States District Court for the Eastern District of Oklahoma cannot go any further. Accordingly, the undersigned Magistrate Judge recommends Plaintiff's Complaint against Defendant Curtis be dismissed for lack of personal or subject matter jurisdiction.

**IV.     Defendants County of Muskogee, City of Muskogee and City of Fort Gibson's Motions to Dismiss**

Finally, we look at Defendants the County of Muskogee, the City of Muskogee and the City of Fort Gibson's ("local Defendants") Motions to Dismiss.[2] (Docket Nos. 16, 20, & 22). Plaintiff's allegations against the local Defendants stem from an arrest on September 21, 2022, as the result of a Bench Warrant issued by the District Court in Muskogee for Plaintiff's failure to

---

[2] Local Defendants filed their Motions to Dismiss between December 7, 2023, and December 11, 2023. Plaintiff failed to respond to all three Motions but instead filed a Motion for Extension of Time to Respond. (Docket No. 27). This Motion was originally denied for Plaintiff's failure to comply with Local Court Rule 7.1(i)(4) but following a Motion to Reconsider (Docket No. 35), Plaintiff was given until January 31, 2024, to Respond to all Motions to Dismiss. Despite this Order, Plaintiff never filed Responses to the local Defendants Motions to Dismiss.

comply with a payment arrangement for the fines and/or court costs incurred in Muskogee County Case No. CF-2014-0098, where Plaintiff was criminally charged with one felony count of assault with a dangerous weapon, and two misdemeanor counts of assault and battery. (Docket No. 16 at 1-2). On or about June 6, 2015, a jury acquitted Plaintiff of the felony assault charge and one of the misdemeanor assault and battery charges but found him guilty on the remaining misdemeanor assault and battery charge. *Id.* at 1. Plaintiff was sentenced to pay a $1,000.00 fine and court costs. *Id.* Plaintiff attempted to have his conviction overturned on appeal and obtain post-conviction relief following this verdict, for which he was unsuccessful. *Id.* at 2. Therefore, having exhausted his appeal attempts, he was required to make payments pursuant to the verdict. *Id.* When he failed to do so, a bench warrant was issued for his arrest on May 12, 2022, leading to his arrest in September 2022. *Id.*

From what the undersigned Magistrate Judge can ascertain from Plaintiff's Complaint, Plaintiff alleges that his arrest was predicated by the County of Muskogee's misrepresentation that he was a convicted felon and was arrested for a "felony warrant" in violation of his §1983 Civil Rights. (Docket No. 2 at 11-12). Plaintiff further alleges that the local Defendants defamed Plaintiff by indicating "that Plaintiff had a criminal felony without clarifying the record." *Id.* at 10. The local Defendants seek to dismiss Plaintiff's defamation per se claim since, as state municipalities, they would be immune from suit and his §1983 claims under Fed. R. Civ. P. 12(b)(6), failure to state a claim. For the reasons set forth below, the undersigned Magistrate Judge agrees.

### a.     Local Defendants are Immune from Suit for Defamation

Plaintiff's defamation claim against the local Defendants is governed by the Oklahoma Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 151, et seq. The GTCA is the

exclusive remedy by which an injured plaintiff may recover against an Oklahoma governmental entity in tort. *Fuller v. Odom*, 741 P.2d 449, 451 (Okla. 1987); *see also* Okla. Stat. tit. 51, §§ 152(14) and 153. In the GTCA, Okla. Stat. tit. 51, § 152.1(A), the legislature adopted and reaffirmed sovereign immunity for the State, its political subdivisions, and all employees acting within the scope of their employment. This immunity is subject to a limited waiver to the extent and the manner specifically provided for by the provisions of the other sections of the GTCA.[3] Okla. Stat. tit. 51, § 152.1(B); *see also Salazar v. City of Okla. City*, 976 P.2d 1056, 1066 (Okla. 1999). Muskogee County, the City of Muskogee, and the City of Fort Gibson are all political subdivisions under the GTCA. See Okla. Stat. tit. 51, § 152(11)(a), (c); therefore, any action in tort against the local Defendants must be brought under the GTCA.

Under the GTCA, the term "scope of employment" is defined as "performance by an employee acting in good faith within the duties of the employee's office, or employment, or of tasks lawfully assigned by a competent authority." Okla. Stat. tit. 51, § 152(12). Thus, "[a]n act of the employee is not in the scope of employment if the employee acted maliciously or in bad faith." *Pellegrino v. State ex rel. Cameron Univ.,* 63 P.3d 535, 537 (Okla. 2003). This means that if a governmental officer's actions were in bad faith, then they would be acting outside the scope of their employment and the governmental entity would not be liable. Courts have continually held that pursuant to the GTCA, a political subdivision is not liable for the acts of its officers or employees when they are committed in bad faith or in a malicious manner. *Nail v. City of*

---

[3] Plaintiff's complaint is silent as to whether he complied with the underlying procedural requirements of the GTCA prior to filing this lawsuit. The procedural requirements are set forth in Okla. Stat. tit. 51, § 156 and § 157. These requirements include, Plaintiff filing a tort claim within one year of the loss, giving the governmental entity 90 days to accept or deny liability, if liability is denied, Plaintiff must file suit within 180 days of the denial. Compliance with the notice requirement is a mandatory condition precedent to suit. *See Cruse v. Bd. of Cnty. Comm'rs of Atoka Cnty.*, 910 P.2d 998, 1002-03 (Okla. 1995).

*Henryetta*, 911 P.2d 914, 917 (Okla. 1996); *see, e.g., Parker v. City of Midwest City*, 850 P.2d 1065 (Okla. 1993).

Furthermore, Okla. Stat. tit. 51, § 155(17) of the GTCA provides complete tort immunity for "[m]isrepresentation, if unintentional." This means the GTCA expressly excludes claims based on negligent misrepresentations meaning a party must prove at least reckless disregard in order to have a viable defamation claim pursuant to the GTCA. *White v. City of Del City*, 270 P.3d 205, 214 (Okla. Civ. App. 2012), *abrogated on other grounds by, City of Jenks v. Stone,* 321 P.3d 179 (Okla. 2014). Applying both Okla. Stat. tit. 51, §§ 153(A) and 155(17), Oklahoma Courts have recognized that a political subdivision is necessarily immune from suit for claims of defamation under the terms of the GTCA. See *White,* 270 P.3d at 214 ("we find that a party cannot act with 'reckless disregard' and also be acting within the 'scope of employment' pursuant to the GTCA.); see also *Tanique, Inc. v. State ex rel. Okla. Bureau of Narcotics & Dangerous Drugs*, 99 P.3d 1209, 1217 (Okla. 2004) (holding that the State could not be held liable for the plaintiff's claims of libel, slander, and false light invasion of privacy under the GTCA).

Based on Oklahoma State precedent, and the fact that the Plaintiff has failed to allege compliance with the required notice provisions in the GTCA prior to bring the suit, the local Defendants are immune from Plaintiff's defamation per se claim. As such, the local Defendants' Motions to Dismiss Defamation claims should be GRANTED.

### b.    Plaintiff's 1983 Claims

The local Defendants further argue Plaintiff has failed to state a plausible §1983 Civil Rights violation claim. (Docket No. 16 at 11 and Docket Nos. 20 & 22 at 9). The United States Supreme Court and the Tenth Circuit have consistently held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," *Monell v. Dep't of Soc. Servs*., 436 U.S.

658, 691(1978), rather "to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotation omitted); *see also Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1317-18 (10th Cir. 2002) ("[M]unicipal governments may incur liability under § 1983 when 'the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers.'") (quoting *Monell,* 436 U.S. at 690)). Plaintiff's Complaint is completely devoid of any facts that establish any municipal policy or custom allegedly adopted by the local Defendants which caused him injury. Plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 547 (2007).

While a complaint does not need to plead a prima facie case, it must allege enough facts to raise above a speculative level. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009) (citation omitted). Plaintiff has completely failed to indicate the prerequisite facts that would allow him to pursue a § 1983 claim against the local Defendants, therefore his claims for § 1983 violations should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. As such, the local Defendants' Motions to Dismiss Plaintiff claims should be GRANTED.

**V.     Conclusion**

This Court lacks personal and subject matter jurisdiction over the claims against Defendants Marrs, Fevig, and Curtis. Because of the inclusion of the local Defendants to his claim,

Plaintiff's suit lacks diversity of citizenship under 23 U.S.C. §1332 (a)(1). Furthermore, none of the claims Plaintiff alleges against Defendants Marrs, Fevig, and Curtis are exclusively federal questions under 28 U.S.C. §1331. As such there is no subject matter jurisdiction.

Plaintiff failed to show there is personal jurisdiction over Defendants Marrs, Fevig, and Curtis. Plaintiff's Complaint simply lacks any facts that would establish minimum contacts with the State of Oklahoma, and his arguments made in his Responses to the Motions to Dismiss are contradictive and unpersuasive. As such there is no personal jurisdiction.

Without personal or subject matter jurisdiction over these claims, the United States District Court for the Eastern District of Oklahoma cannot go any further. Accordingly, the undersigned Magistrate Judge recommends Plaintiff's Complaint against Defendants Marrs, Fevig, and Curtis be dismissed for lack of personal or subject matter jurisdiction.

Plaintiff's claims against Defendants the County of Muskogee, the City of Muskogee and the City of Fort Gibson are similarly lacking. Plaintiff's allegations for defamation per se are not only barred because Plaintiff's complaint is silent as to whether he complied with the notice requirements under the Oklahoma GTCA, but also because a political subdivision is immune from suits for claims of defamation under the terms of the GTCA. Finally, Plaintiff's allegations for § 1983 violations against Defendants the County of Muskogee, the City of Muskogee and the City of Fort Gibson fail to state a plausible claim for which relief can be granted.  Accordingly, the undersigned Magistrate Judge recommends Plaintiff claims against Defendants the County of Muskogee, the City of Muskogee and the City of Fort Gibson be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, the undersigned Magistrate Judge does not believe that allowing Plaintiff to Amend his Complaint would address the issues in his original complaint. An amendment would

not cure the jurisdictional deficiencies against Defendants Marrs, Fevig, and Curtis. Furthermore, Plaintiff has already been given the express opportunity to Amend his Complaint. On December 15, 2023, District Judge Ronald A. White entered an Order inviting Plaintiff to file an amended complaint by January 5, 2024, to provide additional legal or factual averments which may vitiate the Defendants' claims of insufficiency. (Docket No. 24). Plaintiff did not file an Amended Complaint by Judge White's January 5, 2024, deadline; however, on January 30, 2024, Plaintiff filed a Motion to Amend Complaint and subsequent Amended Motion to Amend Complaint asking permission to add claims against Defendants the City of Muskogee, the City of Fort Gibson and the County of Muskogee with claims against the remaining Defendants to remain the same. (Docket Nos. 38 and 39).

Since Plaintiff had the opportunity to address the insufficiencies alleged by Defendants but instead requested to add additional claims, which the undersigned Magistrate Judge reviewed and determined were clearly barred (see Docket No. 57), to allow any further attempt to amend Plaintiff's Complaint would be an exercise in futility. Additionally, to allow amendment would prejudice the Defendants who have had to endure Plaintiff's inapt attempts to continue this litigation. Thus, the undesigned Magistrate Judge recommends Defendants Muskogee County, Clinton W. Marrs, LDT, City of Fort Gibson, City of Muskogee, Ralph Fevig, and Stephen P. Curtis's Motions to Dismiss (Docket Nos. 16, 17, 20, 22, 25, 28) be GRANTED and Plaintiff's claims be dismissed with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this __14th_ day of___March_____, 2024.


_____
D. Edward Snow
United States Magistrate Judge