IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. ELIAS QUINTANA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-23-389-RAW |
| CLINTON W. MARRS, LTD., et al., | ) |
| Defendants. | ) |

# ORDER

Before the court is the Report and Recommendation of the United States Magistrate Judge. It recommends that the defendants' motions to dismiss be granted. Plaintiff having filed a timely objection, the court must conduct a de novo review of the issues specifically raised by the objection, and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Rule 72(b)(3) F.R.Cv.P.

Plaintiff, who may or may not have a law degree, appears *pro se*. The Report and Recommendation, in quite thorough fashion, describes the various claims against the various defendants. It recommends that (1) "Plaintiff's Complaint against Defendants Marrs and Fevig be dismissed for lack of personal or subject matter jurisdiction" (#59 at 6, 14); (2) "Plaintiff's Complaint against Defendant Curtis be dismissed for lack of personal or subject matter jurisdiction" (*Id.* at 9, 14); (3) plaintiff's state-law claims against defendants County

of Muskogee, City of Muskogee, and City of Fort Gibson (i.e., the local Defendants) be dismissed as (a) the complaint is silent as to whether plaintiff complied with the notice requirements under the Oklahoma GTCA and (b) defendants are immune under the OGTCA; (4) plaintiff's federal claims against the local Defendants be dismissed for failure to state a claim.

The court has reviewed the Magistrate Judge's detailed analysis, as well as the plaintiff's objection and the defendants' responses to that objection[*], and is persuaded the conclusions reached are correct.

The primary thrust of plaintiff's objection is that he be permitted to file an amended complaint. The court adopts the Magistrate Judge's recommended denial for several reasons. An objection to a Report and Recommendation is not the appropriate vehicle for such a request. Local Civil Rule 7.1(k) sets forth the requirements for a formal motion to amend. "A district court does not abuse its discretion by denying a request for leave to cure deficiencies in a complaint when a motion for leave to amend is not properly before it." *United States ex rel. Hanlon v. Columbine Management Services, Inc.,* 676 Fed. Appx. 787, 791 (10th Cir.2017).

The court does, however, depart from the Report and Recommendation in one respect. The recommendation is that plaintiff's claims be dismissed with prejudice. (#59 at 15). Tenth Circuit authority requires that a claim dismissed for lack of personal jurisdiction, lack

---

[*]The response of defendant County of Muskogee (#70) appears to be referring to a different case in its final paragraph, but this scrivener's error has no bearing on the result.

of subject matter jurisdiction, or OGTCA immunity be dismissed without prejudice. Only the claims dismissed for failure to state a claim will be dismissed with prejudice.

Plaintiff is advised to carefully consider the decision to commence this action anew, and he should only do so after consulting Rule 11 F.R.Cv.P. The claims dismissed with prejudice were the only <u>federal</u> claims and therefore that jurisdictional "peg" is no longer available. Moreover, the court wishes to make clear that, should plaintiff decide to re-file, it must be the commencement of a new lawsuit, not an amended complaint under the present case number.

It is the order of the court that the Report and Recommendation (#59) is affirmed and adopted as the order of the court, with the qualification described above. The motions to dismiss of the defendants (##16, 17, 20, 22, 25 & 28) are granted.

Plaintiff's federal claims pursuant to 42 U.S.C. §1983 against defendants City of Muskogee, County of Muskogee, and City of Fort Gibson are dismissed with prejudice. The remaining defendants are dismissed without prejudice.

**ORDERED THIS 14th DAY OF JUNE, 2024.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**